IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                              )  Criminal No. 19-162<br>)<br>DONALD SINGLETON,            )<br>)<br>Defendant.              ) | |

### MEMORANDUM ORDER OF COURT

Before the Court is Defendant Donald Singleton's Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A).  ECF 1565.  The Government filed a Response in Opposition.  ECF 1583.  For the reasons that follow, this Court will deny Defendant's Motion for Compassionate Release.

### I.   BACKGROUND

Defendant was sentenced by this Court on July 15, 2020, to a 96-month term of imprisonment at Counts 1, 2, and 3 (which were to be served concurrently) and an 8-year term of supervised released at each count also to be served concurrently.  Defendant had been charged by way of an indictment with conspiracy to distribute and possession with intent to distribute heroin (Count 1), Cocaine (Count 2), and Crack Cocaine (Count 3).   Defendant was one of twenty-five individuals indicted for this conspiracy.

Defendant was sentenced as indicated above in accordance with his plea agreement with the government.  In his plea agreement, which Defendant signed on February 20, 2020, Defendant agreed to the following:

> Pursuant to Rule 11 (c)(1)( C), the parties stipulate and agree that the appropriate sentence in this case is: (1) a term of imprisonment of eight (8) years and a term of supervised release of eight (8) years, to be imposed at each of Counts One, Two and Three, with the sentences of imprisonment and supervised release imposed at Counts One, Two and Three to run concurrently to each other; (2) a fine, if any, in an amount to be determined by the court; and (3) a special assessment of $ 100 at each of Counts One, Two and Three.

ECF 765-1.

According to the Presentence Investigation Report ("PSR") – to which Defendant did not lodge any objections – Defendant's primary role in the conspiracy was providing the main co-defendant (McFadden) with an apartment to process cocaine into cocaine base. Investigators identified Defendant's apartment based upon intercepted communications, GPS tracking, as well as physical surveillance. ECF 1034.  It is not clear, based upon intercepted communications, how much cocaine was processed at the apartment; however, the investigation revealed that Defendant knew why McFadden was using the apartment and that he was present on at least one occasion when McFadden was processing the cocaine. Id.  In conjunction with this incident, Defendant went to the store to obtain supplies for McFadden.  Id.  The offense level for Defendant's conduct was 31.

Defendant's criminal history category was a VI at the time of his sentencing.  Id.  As explained in his PSR, Defendant's criminal history score of 11 established a criminal history category of V; however, because Defendant met the criteria for the "career offender" designation (given that he had three convictions for either a crime of violence or a controlled substance offense), his criminal history category was a VI.  Id.

Based upon his offense level of 31 and his criminal history score of VI, Defendant's guideline range was 188-235 months imprisonment.  As a result of his 11(c)(1)(C) plea agreement with the government, which this Court accepted, Defendant negotiated a downward

departure, whereby he agreed to serve a 96-month term of imprisonment. According to the Bureau of Prisons, Defendant is scheduled to be released from his term of imprisonment for these offenses in approximately two years, on July 19, 2025. Inmate Locator (bop.gov), last visited on June 14, 2023.

## II.    STANDARD OF REVIEW

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. U.S.*, 257 Fed. App'x 477, 479 (3d Cir. 2007*); see also Dillon v. U.S.*, 560 U.S. 817, 819 (2010). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. As amended, that provision allows a court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As further explained by the United States Court of Appeals for the Third Circuit in *United States v. Badini*, 839 F. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public

from further crimes of the defendant," *id.* § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed. App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for sentence reduction under Section 3582, the United States Sentencing Commission has defined the contours of the test, in relevant part, as follows:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.

    \*   \*   \*

(ii) The defendant is
  (I) suffering from a serious physical or medical condition,
  (II) suffering from a serious functional or cognitive impairment, or
  (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1. Notably, given the lack of an updated applicable Policy Statement defining "extraordinary and compelling," the Court of Appeals for the Third Circuit has held that: "the existing policy statement is not applicable—and not binding—for courts considering prisoner-initiated motions" for compassionate release, but that "[t]he policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'." *U.S. v. Andrews*, 12 F.4th 255, 259, 260 (3d Cir. 2021) (quoting *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (citations and footnote omitted). Additionally, Congress has made clear that "rehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for a reduction in a defendant's sentence. 28 U.S.C. § 994(t).

The defendant bears the burden of proof, by a preponderance of the evidence, with

4

respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A). *U.S. v. Grasha*, 489 F.Supp.3d 403, 406 (W.D. Pa. 2020) (citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a defendant may file a Section 3582(c)(1)(A) motion with the Court. As explained by the Court of Appeals for the Third Circuit in *United States. v. Harris,* 973 F.3d 170 (3d Cir. 2020), Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release pursuant to Section 3582(c)(1)(A)] thirty days after the warden receives his request." *Harris,* 973 F.3d at 171.

### III. DISCUSSION

Defendant, who is seeking compassionate release, bears the burden of proof he has exhausted all administrative remedies before this Court can entertain his motion for same. Defendant attached an "informal resolution form" (ECF 1565-1), which demonstrates that he requested a compassionate release from the Warden. In this document, Defendant did file a request for release from the Warden at FCI Morgantown. ECF 281-1. In his request, Defendant indicated that he was seeking compassionate release because:

> 1. I have been infected by the COVID-19 virus last year while being housed at FCI Edgefield in 2022. I have several at risk [h]ealth complications with high blood pressure, respiratory problems, surgery for hip replacement, obesity, and I have an enlarged heart. I am 51-years old so my health is detrimental to me. This prison is back on code level yellow because of the higher risk to extract the COVID-19 virus at this prison. Your office can review my health records to determine my health risk issues.
>
> 2. My mother is at the age of 71, she is now having major medical health issues with diabetes, high blood pressure, two knee replacement surgeries and heart surgeries. She is no longer capable to accomplish small tasks around her home given these health issues, I am her only son who can be a caregiver to help my mom through her ting times to take care of herself along with maintaining her medical needs, so I will ask to serve as her at home caregiver stated in the compassionate release category.

> 3. I also have a state detainer that is pending and will be used to extradict [sic.] back to my mother[']s residential area that my release from the FBOP would allow me to be able to resolve that court proceeding sooner and go home to take care of my mother.
>
> 4. Last, I have been having episodes of anxiety with my health complications compounded with worrying about COVID virus, and going home to help my mother, I hope you will consider reviewing my request for a reduction in sentence, I [t]hank [y]ou for your time.

ECF 1565-1.

Defendant signed the above-quoted document on January 10, 2023. In his motion, filed on April 19, 2023, Defendant accurately represents that more than thirty days had passed since the date he made his request of the Warden. ECF 1565. Defendant further indicates in his motion that the Warden did not respond to his request, thus making his compassionate release request ripe for this Court to decide. Id.

Defendant's motion identifies the same issues that he raised with the Warden. Id. However, unlike the request presented to the Warden (which was limited to his concerns about re-contracting COVID-19, his mother's failing health, and his anxiety over both of those matters), Defendant also asks this Court for a compassionate release due to his diagnosis of "long COVID," arthritis, and Perthes disease. Id., p. 4. In addition, Defendant suggests that he is entitled to a compassionate release because of the "harsh conditions of his confinement" which he claims were created by the BOPs need to provide restrictions in the face of the global pandemic. Defendant also cites to his good behavior since his incarceration, his age, and notes that he will still be required to serve three more years due to a state detainer.

Although Defendant alluded to the state detainer in his informal resolution form that he purportedly sent to the Warden, all the remaining factors are new, and they do not appear to have been properly brought to the Warden's attention. Based on the evidence of the record, and the

6

arguments set forth in Defendant's Motion, Defendant seeks a compassionate release from this Court for several new and different reasons. Therefore, the Court finds that Defendant has not exhausted his administrative remedies, and this Court has no jurisdiction over the matter. *See*, *United States v. Leavy*, No. CR 19-160, CR 19-163, 2023 WL 2163222, at *4 (W.D. Pa. Feb. 22, 2023) (holding that Court had no jurisdiction over the matter when Defendant's basis for his compassionate release request completely differed from the request made to the BOP); *United States v. Briston*, No. CR 05-321, 2022 WL 5109085, at *3 (W.D. Pa. Oct. 5, 2022) (holding that the BOP must "be given the opportunity to consider the same request made to the court."); and *United States v. McNair*, 481 F. Supp. 3d 362, 368 (D.N.J. 2020) ("Permitting inmates to bypass that requirement by presenting one reason for relief to the BOP and another to the Court would create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request.").

Recently, in *United States v. Clark*, Nos. CR 18-250, CR 19-35, 2023 WL 3074709 at *2, (April 25, 2023), a court concluded that the defendant's request sufficiently put the BOP on notice to consider the impact of COVID-19 in light of <u>all</u> her medical conditions. Although the Defendant specifically identified some of her medical conditions for the BOP, and then added additional medical conditions for the Court to consider, the gravamen of the defendant's argument was that the interplay between COVID and her medical conditions – those listed for the BOP as well as the additional medical conditions before the Court – entitled Defendant to a compassionate release.

Like *Clark*, Defendant here has requested the BOP and the Court provide him with a compassionate release due to the interplay between some of his medical conditions and COVID. However, unlike *Clark*, Defendant here presented the Court with some additional medical

7

reasons for his compassionate release which do not involve the interplay between COVID. Defendant cited his "long COVID" diagnosis, his arthritis condition, and his Perthes disease as additional medical reasons warranting compassionate release. He failed to present these three additional medical problems to the BOP.

This Court finds that to consider the substance of Defendant's instant motion for compassionate release (which is predicated upon three additional reasons which were never raised before the BOP), would enable Defendant and other inmates to create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request.

### IV. CONCLUSION

Accordingly, the Court will deny Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) as Amended by the First Step Act of 2018 due to Defendant's failure to fully exhaust his administrative remedies.

AND NOW this 15th day of June 2023, the Court **DENIES** Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) as Amended by the First Step Act of 2018 (ECF 1565) for failure to exhaust his administrative remedies.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:   All ECF Registered Counsel of Record